**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OMAR PINKSTON, *individually and on behalf of all others similarly situated*,<br><br>                              Plaintiff,<br><br>- against –<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>                              Defendant. | No. 19-cv-09362-LJL<br><br>**CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

   LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.   All parties [consent _____ / do not consent __**X**__ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  [If all parties consent, the remaining paragraphs need not be completed.]

2.   The parties [have __**X**__ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.   The parties [have __**X**__ / have not _____] engaged in settlement discussions.

4.   Any motion to amend or to join additional parties shall be filed no later than **October 15, 2020**. [Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.] Note: Pursuant to Paragraph 3(B) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss, as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer; (b) file a new motion to dismiss; or (c) submit a letter-motion stating that it relies on the initially-filed motion to dismiss in which event the Court will treat the initially-filed motion to dismiss as a new motion to dismiss the amended pleading.

   Pursuant to Paragraph 2(J) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. At the Initial Pretrial Conference, parties should come prepared to discuss a proposed briefing schedule for any anticipated motion.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than **May 15, 2020**. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

6. All fact discovery related to class certification is to be completed no later than **May 17, 2021**.* [A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

   **\*The parties request that an additional 90 days of fact discovery be allowed after the Court rules on Plaintiff's anticipated motion for class certification. This discovery would address issues needed for summary judgment or trial based on the Court's certification ruling.**

   **Defendant's Position:**

   **Defendant requests a stay of discovery until its pleading challenges are resolved. The parties should have a better understanding of the remaining claims, if any, once the pleadings are settled and can focus their discovery to the issues presented in the operative pleading.**

   **Plaintiff's Position:**

   **Plaintiff opposes any requests for a stay. The complaint as currently pled is sufficient to put Defendant on notice as to the claims and issues in the case. A stay of discovery will only cause delay and docket congestion.**

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

### NOTE ON COVID-19 EMERGENCY PROCEDURES:

Until further notice, and pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

 Nothing in the above-mentioned rule prevents parties from seeking to modify any pretrial schedule in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking

such relief, the parties must, as always, attempt to meet and confer (via remote means) in a good faith effort to reach agreement.

Parties are instructed to consult the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases for additional guidance on procedures in place at this time.

- a. Initial requests for production of documents shall be served **no later than 30 days after a ruling on Defendant's anticipated motion to dismiss.**

**Plaintiff's Position:**

**It is Plaintiff's position that the parties may serve their requests for production of documents earlier, and can do so at any time now that the Parties have conducted their Federal Civil Procedure Rule 26(f) conference. The very latest a party must serve the requests for production of documents is no later than 30 days after a ruling on a motion to dismiss. Plaintiff also opposes any stay of discovery. The complaint as currently pled is sufficient to put Defendant on notice as to the claims and issues in the case. A stay of discovery will only cause delay and docket congestion.**

**Defendant's Position:**

**Defendant does not dispute Plaintiff's right to seek discovery under the Federal Rules of Civil Procedure, which is why Defendant is requesting that the Court stay discovery until the pleadings are settled.**

- b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served **no later than 30 days after a ruling on Defendant's anticipated motion to dismiss**.   [Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

**Plaintiff's Position:**

**Please see Plaintiff's response to 7a.**

**Defendant's Position:**

**Please see Defendant's response to 7a.**

- c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

- d. Depositions shall be completed by **May 15, 2021**.

- e. Requests to Admit shall be served no later than **60 days after a ruling on Defendant's anticipated motion to dismiss**.

**Plaintiff's Position:**

**Please see Plaintiff's response to 7a.**

**Defendant's Position:**

**Please see Defendant's response to 7a.**

8. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by **November 19, 2021 with respect to class certification. The deadline for non-class certification expert discovery shall be completed within 90 days of the Court's ruling on Plaintiff's motion for class certification**. [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.]

9. All discovery shall be completed no later than **90 days after the Court's ruling on Plaintiff's motion for class certification**.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than **180 days after the Court's ruling on Plaintiff's motion for class certification**.

11. A post-discovery status conference shall be held on **a date to be set 90 days after the Court's ruling on Plaintiff's motion for class certification**.

12. Any motion for summary judgment must be filed no later than **90 days after the Court's ruling on Plaintiff's motion for class certification**. [Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.]

13. This case [is **X** / is not _____] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is **14 days**.**

**Defendant reserves the right to adjust this estimate based on the number and type of claims remaining after anticipated pleading challenges and the Court's ruling on the anticipate class certification motion.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. _____ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program.

    c. **X**___ Retention of a private mediator.

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

### Defendant's Position:

**Defendant intends to file a motion to dismiss under Fed. R. Civ. P. 12 in response to the Complaint. Defendant, therefore, requests the Court delay the entry of a Case Management Plan and Scheduling Order and stay discovery until after its pleading challenges are resolved. The parties should have a better understanding of the remaining claims, if any, once the pleadings are settled and can prepare a more accurate and effective case plan and schedule.**

### Plaintiff's Position:

**Plaintiff opposes any stay of discovery or the delay of entry of a Case Management Plan and Scheduling Order. The complaint as currently pled is sufficient to put Defendant on notice as to the claims and issues in the case. A stay of discovery will only cause delay and docket congestion.**

### Joint Position of Both Plaintiff and Defendant:

**The Parties anticipate that discovery will require a Confidentiality Order, ESI Protocols and a Rule of Evidence 502 agreement. The parties will submit a proposed confidentiality order for the Court's consideration that will govern the treatment of confidential information that may be produced during the course of this litigation, which will include their proposed Rule 502 agreement. The parties will also submit proposed ESI Protocols after initial written discovery has been served and they have had the opportunity to evaluate what ESI may be required for complete responses.**

Counsel for the Parties:

| **REESE LLP** | **BLAXTER | BLACKMAN LLP** |
|---|---|
| */s/ Michael R. Reese* <br> Michael R. Reese <br> 100 West 93rd Street, 16th Floor <br> New York, New York 10025 <br> Telephone:  (212) 643-0500 <br> Email:  *mreese@reesellp.com* <br><br> **SHEEHAN & ASSOCIATES, P.C.** <br> Spencer Sheehan <br> 505 Northern Boulevard, Suite 311 <br> Great Neck, New York 11021 <br> Telephone:  (516) 303-0552 <br> Email:  *spencer@spencersheehan.com* <br><br><br> *Counsel for Plaintiff and the Proposed Class* | */s/ Brian R. Blackman* <br> Brian R. Blackman <br> David P. Adams <br> 601 California Street, Suite 1505 <br> San Francisco, California 94108 <br> Telephone: (415) 500-7700 <br> Facsimile:  (415) 766-4255 <br> Email:  *bblackman@blaxterlaw.com* <br>             *dadams@blaxterlaw.com* <br><br> *Counsel for Defendant* |

Dated:  _____
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge